**96–613.** State v. Grandberry. *Lorain County,* No. 95CA006138. Appellant has filed an untimely appeal of the court of appeals' decision affirming the trial court's denial of his petition for post-conviction relief. This appeal involves a civil matter and not an appeal of a felony case to which the provisions for delayed appeal in S.Ct.Prac.R. II(2)(A)(4) apply. Therefore,

IT IS ORDERED by the court, *sua sponte,* effective March 28, 1996, that the motion for delayed appeal be, and hereby is, stricken.

IT IS FURTHER ORDERED by the court, *sua sponte,* that, in that appellant failed to perfect an appeal pursuant to S.Ct.Prac.R. II(2)(A)(1), this case be, and hereby is, dismissed for lack of jurisdiction.

*Monday, April 1, 1996*

## DISCIPLINARY DOCKET

In Re:

| | | |
|---|---|---|
| DISCIPLINARY COUNSEL | : | Case No. 96–283 |
| RELATOR, | : | |
| V. | : | |
| DEBORAH P. O'NEILL | : | |
| RESPONDENT. | : | **ORDER** |

The final pre-trial hearing having been rescheduled by agreement of counsel from May 30 to May 21, 1996, Relator's Request for Advance of Final Pre–Trial From May 30, 1996 to May 29, 1996 is moot.

BY ORDER OF THE COMMISSION

In Re:

| | | |
|---|---|---|
| DISCIPLINARY COUNSEL | : | Case No. 96–283 |
| RELATOR, | : | |
| V. | : | |
| DEBORAH P. O'NEILL | : | |
| RESPONDENT. | : | **ENTRY AND DECISION** |

Having reviewed the motion for a protective order regarding her deposition filed by respondent on March 22, 1996, the Commission finds the motion is not well taken and it is denied.

BY ORDER OF THE COMMISSION

In Re:

DISCIPLINARY COUNSEL           :    Case No. 96–283

      RELATOR,              :

V.                            :

DEBORAH P. O'NEILL          :

      RESPONDENT.          :    **ORDER**

The Pre–Trial Order in this proceeding filed March 6, 1996 set deadlines for submission of motions and memoranda in connection with motions. Those deadlines apply to any kind of supplemental materials that counsel wish to provide. A matter is taken under advisement as of the due date of the reply memorandum. No supplemental materials will be considered by this Commission and are stricken automatically unless the Commission has issued an entry that permits the submission of materials past the deadlines set.

BY ORDER OF THE COMMISSION

In Re:

DISCIPLINARY COUNSEL           :    Case No. 96–283

      RELATOR,              :

V.                            :

DEBORAH P. O'NEILL          :

      RESPONDENT.          :    **ENTRY AND DECISION**

This matter comes before the Commission on the motion of Respondent Deborah P. O'Neill for the Commission to impose sanctions on Disciplinary Counsel. Sanctions she seeks include disqualifying Geoffrey Stern as "acting Relator" in this proceeding and removing Samuel Weiner as Special Counsel. She asserts such sanctions will be appropriate upon the Commission's finding that the rules governing the investigation and bringing of a complaint against her have been or will be violated. The Commission has been fully advised having reviewed the motion, memoranda, rules, and applicable law.

In connection with the motion, Judge O'Neill contends first that the appointment of Mr. Weiner as Special Counsel is improper for several reasons. Judge O'Neill argues that the rules make no provision for appointment of Special Counsel and that it was unauthorized.

There is no specific authorization for the appointment of Special Counsel, nor is there a bar to appointment of Special Counsel. Gov.Bar R. V, Section 3(B)(2) provides:

"Assistant Disciplinary Counsel and staff in the Office of Disciplinary Counsel shall serve at the pleasure of the Disciplinary Counsel. The Disciplinary Counsel may appoint assistants as necessary who shall be attorneys admitted to the practice of law in Ohio and who shall not engage in the private practice of law while serving in that capacity. The Disciplinary Counsel shall *appoint staff as required to satisfactorily fulfill the duties of the Office of Disciplinary Counsel.*" (Emphasis added.)

Gov.Bar R. V, Section 4(E) allows Disciplinary Counsel to hire "an independent